UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLAN D. SCHOPPER,

                Petitioner,                Case No. 2:07-cv-165

v.                                            Honorable Robert Holmes Bell

STATE OF MICHIGAN, et al.,

                Respondents.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Allan D. Shopper filed this petition for writ of habeas corpus challenging the validity of a bond releasing him from the Marquette County Jail, but requiring him to report to the Outagamie County Circuit Court in Wisconsin on August 16, 2007, for outstanding charges from ten years ago. Petitioner seeks an order from this court requiring the Michigan state courts to provide him with a hearing to determine if he should be required to appear in Wisconsin.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. If so, the petition must be summarily dismissed. Rule 4 of the Rules Governing Habeas Corpus Actions; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the

review required by Rule 4, the undersigned recommends that Petitioner's application for habeas corpus relief be dismissed with prejudice.

The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *See U.S. ex rel. Jones v. Horizon Healthcare Corp.*, 160 F.3d 326, 329 (6th Cir. 1998). The Court may raise the issue of subject matter jurisdiction *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992). In this case, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to review the decisions of the Michigan and Wisconsin state courts regarding the requirement that Petitioner appear before the state court in Wisconsin.

The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257, which grants the Supreme Court jurisdiction to review the decisions of the highest state courts for compliance with the Constitution. *See* 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041 (1998). "This is equally true in constitutional cases brought under § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Id.* (citations omitted). Thus, even if the challenge is that the state court's action was unconstitutional, this Court may not review the challenge. *Feldman*, 460 U.S. at 485-86.

For the doctrine to apply, the "federal claim [must be] inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court

wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, (1987) (Marshall, J., concurring).  The decision of the Michigan state court to release Petitioner on a bond which requires Petitioner to appear before a Circuit Court in Wisconsin must be appealed in the state courts.  Because Plaintiff seeks to collaterally attack the state court decision, his action must be dismissed for lack of subject matter jurisdiction.

In summary, the undersigned concludes that this court lacks jurisdiction to address Petitioner's claims and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A dismissal of Petitioner's action under Rule 4 is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under

Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong as the court lacks jurisdiction to address Petitioner's claims. Therefore, the Court will deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley  
        TIMOTHY P. GREELEY  
        UNITED STATES MAGISTRATE JUDGE

Dated:   August 15, 2007